EXHIBIT 1

*10-15-2012*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JPMORGAN CHASE BANK  and Does 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KAILYN FLOWERS

FOR COURT USE ONLY.
(SOLO PARA USO DE LA CORTE)

2012 OCT 11 AM 9:10

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of California, <br><br> County of San Diego, Civil Division <br> 330 West Broadway, San Diego, CA 92101 | **CASE NUMBER:** <br> *(Número del Caso):* 37-2012-00083349-CU-NP-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffery R. Menard, Esq., 350 Tenth Ave., Ste 1000, San Diego, CA 92101, 858-869-9529

| | | | |
|---|---|---|---|
| DATE: ~~10/8/2012~~ **OCT 11 2012** <br> *(Fecha)* | Clerk, by <br> *(Secretario)* | **J. McGinnis** | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* JPMorgan Chase Bank
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Jeffrey R. Menard, Esq. SBN 248508
350 Tenth Ave.
STE 1000
San Diego, CA 92101
Telephone: (858) 869-9529

Attorney for PLAINTIFF
KAILYN FLOWERS

CENTRAL DIVISION

2012 OCT 11 AM 9: 10

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO

CENTRAL DIVISION

KAILYN FLOWERS,

        PLAINTIFF,

v.

JPMORGAN CHASE BANK and DOES 1
through 100

        DEFENDANTS.

Case No.: 37-2012-00083349-CU-NP-CTL

COMPLAINT FOR VIOLATIONS OF THE
ROSENTHAL FAIR DEBT COLLECTION
PRACTICES ACT (CCC SECTION
1788-1788.32); VIOLATIONS OF
THE TELEPHONE CONSUMER
PROTECTION ACT (47 U.S.C. §227
ET SEQ.); AND INTRSION

Demand for Jury Trial

COMES NOW PLAINTIFF who seeks damages against the DEFENDANTS, and each of
them as follows:

## I.    INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors
of credit to consumers are dependent upon the collection of just and owing debts and that
unfair or deceptive collection practices undermine the public confidence that is essential
to the continued functioning of the banking and credit system and sound extensions of

COMPLAINT
1

credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2.  Kailyn Flowers, individually, (hereinafter "PLAINTIFF"), by PLAINTIFF's attorneys, brings this action to challenge the actions of JP MORGAN CHASE BANK (hereinafter "CHASE"), a business entity form unknown and Does 1 through 100, together will be referred to as ("DEFENDANTS"), with regard to attempts by DEFENDANTS, a debt collector, to unlawfully and abusively collect a debt allegedly owed by PLAINTIFF, and this conduct caused PLAINTIFF damages.

3.  For the purposes of this Complaint for Damages, unless otherwise indicated, "DEFENDANTS" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, managing agents and insurers of Defendant(s) named in this caption.


## II.   PARTIES

4.  PLAINTIFF is a natural person who resides in the County of San Diego, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  PLAINTIFF is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from PLAINTIFF and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

6. PLAINTIFF is informed and believes that Defendant CHASE, a business entity form unknown, is a company operating and licensed to do business in San Diego County.

7. PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS are entities that use instrumentalites of interstate commerce or the mails for business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS are not attorneys or counselors at law and are an entity who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

9. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural people by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### III.   FACTUAL ALLEGATIONS

10. At all times relevant, PLAINTIFF was an individual residing within the State of California.

11. PLAINTIFF is informed and believes, and thereon alleges, that at all times relevant DEFENDANTS conducted business in the State of California.

COMPLAINT
3

12. Previously, PLAINTIFF allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).  Namely, the PLAINTIFF allegedly incurred a debt with CHASE, for an amount that is unknown at this time, which was used by PLAINTIFF to make personal purchases of household-related items.

13. DEFENDANTS began and continued making calls, frequently multiple times per day, in an attempt to collect this debt from PLAINTIFF.

14. As a result of these harassing phone calls from CHASE, PLAINTIFF had difficulty working, namely, giving massages to her clients as her cell phone kept interrupting her during the massage sessions.

15. PLAINTIFF then told CHASE that she could not pay the alleged debt.

16. PLAINTIF clearly and unambiguously told CHASE that they did not have her permission to call her on her cellular phone and asked them to stop as the frequency of their phone calls were interrupting her massage sessions.

17. After having this discussion with CHASE, PLAINTIFF began keeping records of these illegal and harassing phone calls.

18. From 4/30/2011 to 9/20/2012, PLAINTIFF has recorded 411 phone calls to her cellular phone, after she clearly and unambiguously made it clear to CHASE that they did not have permission to call her cellular phone, from 210-586-1028 which is a phone number that belongs to CHASE.

19. From 3/25/2011 to 4/26/2012, PLAINTIFF has recorded 4 phone calls to her cellular phone, after she clearly and unambiguously made it clear to CHASE that they did not

have permission to call her cellular phone, from 210-586-1027 which is a phone number that belongs to CHASE.

20. From 4/14/2011 to 4/19/2011, PLAINTIFF has recorded 2 phone calls to her cellular phone, after she clearly and unambiguously made it clear to CHASE that they did not have permission to call her cellular phone, from 847-488-7224 which is a phone number that belongs to CHASE.

21. From 4/19/2011 to 4/30/2011, PLAINTIFF has recorded 4 phone calls to her cellular phone, after she clearly and unambiguously made it clear to CHASE that they did not have permission to call her cellular phone, from 407-771-0978 which is a phone number that belongs to CHASE.

22. From 5/18/2011 to 9/11/2012, PLAINTIFF has recorded 13 phone calls to her cellular phone, after she clearly and unambiguously made it clear to CHASE that they did not have permission to call her cellular phone, from 210-586-1026 which is a phone number that belongs to CHASE.

23. On 4/14/2011, PLAINTIFF has recorded 2 phone calls to her cellular phone, after she clearly and unambiguously made it clear to CHASE that they did not have permission to call her cellular phone, from 407-771-0887 which is a phone number that belongs to CHASE.

24. There has been numerous days where CHASE has called the PLAINTIFF more than once and sometimes 2, 3, 4 and even 5 times in one day.

25. The stress the PLAINTIFF has received from these harassing phone calls has cause her to lose sleep, to cry, to become sad at her financial situation and it caused stress in her relationships with her family.

26. DEFENDANTS willfully and knowingly made no less than 436 phone calls to PLAINTIFF's cellular phone using an automatic phone dialer system.  There are more phone calls to PLAINTIFFs cellular phone that occurred before 3/25/2011, however, PLAINTIFF was not keeping a record of these phone calls at the time.

27. PLAINTIFF has never given Defendant permission to call her cellular phone and if DEFENDANTS had permission to call her cellular phone, she withdrew that permission before 3/25/2011.

28. These collection communications on these occasions to PLAINTIFFs were false, deceptive, harassing, oppressive, and abusive communications by these DEFENDANTS in violation of numerous and multiple provisions of the RFDCPA, including but not to limited to violated California Civil Code Section 1788.17 by violating 15 U.S.C Section 1692 d, 1692 d (5), 1692 e, and 1692 f.  DEFENDANTS also violated California Civil Code Section 1788.11 (d), and 1788.11(e).

29. The acts and omissions of the individual DEFENDANTS, and the other debt collectors employed as agents by DEFENDANTS who communicated with PLAINTIFF as described herein, were committed within the time and space limits of their agency relationship with their principal, DEFENDANTS.

30. The acts and omissions by the individual DEFENDANTS and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by DEFENDANTS in collecting consumer debts.

31. By committing these acts and omissions against PLAINTIFF, the individual DEFENDANTS and these other debt collectors were motivated to benefit their principal, DEFENDANTS.

32. DEFENDANTS are therefore liable to PLAINTIFF through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the RFDCPA, TCPA and Intrusion in their attempts to collect this debt from PLAINTIFF.

33. DEFENDANTS acted maliciously by repeatedly calling and harassing the PLAINTIFF, demanding payment of the debt owed knowing that the PLAINTIFF did not have the means to do so. DEFENDANTS used abusive and aggressive tactics to try to collect this alleged debt. This conduct was intended by the DEFENDANTS to cause injury to the PLAINTIFF, and it did cause injury to the PLAINTIFF. DEFENDANTS conduct was also despicable conduct which was carried on by the DEFENDANTS with a willful and conscious disregard of the rights of the PLAINTIFF.

34. DEFENDANTS conduct was also oppressive. The repeated, harassing phone calls using abusive and aggressive tactics was despicable conduct that subjected the PLAINTIFF to cruel and unjust hardship in conscious disregard of the PLAINTIFFs rights.

35. In committing the acts alleged herein, DEFENDANTS, CHASE, and DOES 1 through 100, and each of them, have acted maliciously and oppressively. Each of these acts has been ratified and adopted by DEFENDANTS' officers, director and managing agents, so as to justify an award of exemplary and/or punitive damages in an amount to be determined at the time of trial, sufficient to deter DEFENDANTS from engaging in the same conduct in the future.

36. PLAINTIFFs have suffered actual damages as a result of these illegal collection communications by these DEFENDANTS in the form of anger, anxiety, loss of income,

deterioration of relationships with family members, emotional distress, sadness, grieving,

fear, frustration, embarrassment, amongst other negative emotions, as well as suffering

from unjustified and abusive invasions of personal privacy at the PLAINTIFF's home.


## IV.    FIRST CAUSE OF ACTION

(Violation of the Rosenthal Fair Debt Collection Practices Act Section 1788 – 1788.32)

37. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as
though fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple
violations of the RFDCPA.

39. As a result of DEFENDANT's violations of the RFDCPA, PLAINTIFF is entitled to any
actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a
knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil
Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil
Code § 1788.30(c) from Defendant.


## V.    SECOND CAUSE OF ACTION

(VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C. § 227 et seq.)

40. PLAINTIFFs incorporate by reference all of the above paragraphs of this Complaint as
though fully stated herein.

41. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq., with respect to each PLAINTIFF.

42. As a result of each and every Defendant's violations of the TCPA, PLAINTIFF is entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $1,500.00 for each willful or knowing violation pursuant to 47 U.S.C. §227 et seq. from each and every Defendant herein.

## VI.   THIRD CAUSE OF ACTION

### (INTRUSION)

43. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a) (emphasis added).

45. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a

broad range of "financial institutions" including debt collectors, albeit without a private

right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an
>
> affirmative and continuing obligation to respect the privacy of its customers
>
> and to protect the security and confidentiality of those customers' nonpublic
>
> personal information.

15 U.S.C. § 6801(a) (emphasis added).

46. DEFENDANTS and/or their agents intentionally and/or negligently interfered, physically

or otherwise, with the solitude, seclusion and or private concerns or affairs of

PLAINTIFF, namely, by repeatedly and unlawfully attempting to collect a debt and

thereby invaded PLAINTIFF' privacy.

47. DEFENDANTS also intentionally and/or negligently interfered, physically or otherwise,

with the solitude, seclusion and or private concerns or affairs of the PLAINTIFF, namely,

by repeatedly and unlawfully contacting third parties about this debt, and thereby invaded

PLAINTIFF' right to financial privacy.

48. DEFENDANTS and their agents intentionally and/or negligently caused emotional harm

to PLAINTIFF by engaging in highly offensive conduct in the course of collecting this

debt, thereby invading and intruding upon PLAINTIFF' rights to privacy.

49. PLAINTIFF had a reasonable expectation of privacy in PLAINTIFF' solitude, seclusion,

private concerns or affairs, and private financial information.

50. The conduct of these DEFENDANTS and their agents, in engaging in the above-

described illegal collection conduct against PLAINTIFF, resulted in multiple intrusions

and invasions of privacy by these DEFENDANTS which occurred in a way that would be highly offensive to a reasonable person in that position.

51. The 436 documented phone calls in less than 19 months were highly offensive to PLAINTIFF and would be highly offensive to a reasonable person.

52. As a result of such intrusions and invasions of privacy, PLAINTIFF is entitled to actual damages, punitive damages, costs and reasonable attorney fees in an amount to be determined at trial from each and every Defendant.

WHEREFORE, PLAINTIFF prays that judgment be entered against DEFENDANTS for:

## FIRST CAUSE OF ACTION

1. An award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant;

2. An award of actual damages from Defendants for Plaintiff

3. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

## SECOND CAUSE OF ACTION

1. For an award of actual damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each PLAINTIFF;

2. For an award of statutory damages of $1,500.00 per violation pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each PLAINTIFF;

## THIRD CAUSE OF ACTION

1. For an award of actual damages against each and every Defendant and for each PLAINTIFF;

2. For an award of emotional distress damages against each and every Defendant and for each PLAINTIFF;

3. For an award of punitive damages against each and every Defendant and for each PLAINTIFF;

Dated: 10/8/2012

By: _____

Jeffery R. Menard, attorney for PLAINTIFFs